UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DANIEL RAY HOLLOWAY, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>RICHARD BROWN, Warden of the Wabash )<br>Valley Correctional Facility, )<br>)<br>Respondent. ) | No. 2:19-cv-00409-JRS-MJD |

**Order Denying Petition for a Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Indiana Department of Correction (IDOC) inmate Daniel Ray Holloway petitions for a writ of habeas corpus challenging a prison disciplinary sanction imposed in disciplinary case number BTC 18-10-0381. For the reasons explained in this Order, Mr. Holloway's habeas petition must be **denied**.

**A.   Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

### B.     The Disciplinary Proceeding

On October 30, 2018, IDOC Internal Affairs Officer B. Stroud wrote a Report of Conduct charging Mr. Holloway with the offense of bribing/giving, a violation of the IDOC's Adult Disciplinary Code offense B-233.[1] The Report of Conduct states:

> On 7/17/2018 at 10:17am offender Holloway, Daniel, #199455 wrote a J-Pay message to IDOC volunteer Lee Zimmerman. In this J-Pay message offender Holloway #199455 requests that volunteer Zimmerman place stamps on his account so that he may be able to continue to J-Pay. Per IDOC conduct this falls under a violation of 233-B Bribing/Giving.

Dkt. 8-1.

Mr. Holloway was notified of the charge on November 1, 2018, when he received a copy of the conduct report and the screening report. Dkt. 8-7. He pled not guilty to the charge and indicated he would provide names of requested witnesses and identify requested evidence at a later time. *Id.* He apparently did not do so.

A hearing in IDOC disciplinary case number BTC 18-10-0381 was held on November 5, 2018. Mr. Holloway told the hearing officer that when he signed up for the mentoring program, neither he nor his mentor knew that the mentor could not put stamps on Mr. Holloway's J-Pay account. Dkt. 8-9. Based on staff reports, Mr. Holloway's statement, and a confidential report from the IDOC Investigations and Intelligence office, *see* dkt. 9 (ex parte copy of IDOC investigatory report), the hearing officer found "sufficient evidence for a guilty finding." *Id.* The hearing officer

---

[1] Investigators brought five disciplinary charges against Mr. Holloway. In his habeas corpus challenge to the charges, each was severed into a separate action. The instant action addresses a single disciplinary offense. *See* dkt. 1 (Order Directing Severance of Habeas Claims). The other four habeas actions are: 2:19-cv-00397-JPH-MJD (challenging BTC 18-10-0377); 2:19-cv-00406-JTS-DLP (challenging BTC 18-10-0378); 2:19-cv-00407-JRS-DLP (challenging BTC 18-10-0379); and 2:19-cv-00408-JMS-MJD (challenging BTC 18-10-0380).

imposed sanctions that included a 45-day earned-credit-time deprivation and credit class demotion. Dkt. 8-9.

Mr. Holloway appealed to the Facility Head who affirmed the hearing officer's decision. Dkt. 8-10. On further appeal to the IDOC Final Reviewing Authority, the charge was modified to add a violation for "attempting," a B-240 offense, to commit the B-233 offense (Bribing/Giving). Dkt. 8-11. The addition of this clarifying charge did not increase or decrease the imposed sanctions. Mr. Holloway then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Warden has filed a return to the petition. Dkt. 8. Mr. Holloway did not file a reply.

**C. Analysis**

Mr. Holloway sets out one claim for relief in his petition:

> I was written up five times because my mentor, Lee, added stamps to my e mail account. He didn't even add them 5 times. The disciplinary hearing board took 495 days and all my credit classes. They enhanced every penalty because of the previous one. Because it was one incident I feel like they could've just given me one write up and it never would've happened again. Instead they took years of my life and sent me to the SHU for 10 months. They took my liberty over something very petty.

Dkt. 1 at 5.

A specific due process claim is difficult to discern, and the petition does not have a demand for relief. *See id.* at 15 (no answer in space provided for requested relief). Mr. Holloway does not dispute his guilt to charge for violating either offense B-233 or B-240.[2] The Warden construes Mr. Holloway's petition as making a challenge to the number of convictions imposed for a single

---

[2] Offense B-233 is titled Bribing/Giving and makes it a Class B offense to give or offer "a bribe or anything of value to a staff member, authorized volunteer, visitor or contractor or possessing, giving to or *accepting from any person anything of value without proper authorization*." Dkt. 8-12 at 7 (IDOC Adult Disciplinary Process appendix of offenses June 4, 2018) (emphasis added).

3

event. Dkt. 8 at 2. The Court agrees that this is the issue Mr. Holloway presents. In other words, Mr. Holloway seeks habeas corpus relief on double jeopardy grounds.

Unfortunately for Mr. Holloway, even if his separate disciplinary convictions arose from the same event, prison discipline cases are not subject to federal double jeopardy protections. *Portee v. Vannatta*, 105 F. App'x 855, 858 (7th Cir. 2004) (citing *Meeks v. McBride*, 81 F.3d 717, 722 (7th Cir. 1996). The federal Double Jeopardy Clause applies only to criminal prosecutions. *Breed v. Jones*, 421 U.S. 519, 528-31 (1975). The Supreme Court made it clear in *Wolff* that prison disciplinary actions are not criminal prosecutions and the full panoply of due process rights do not attach. 418 U.S. at 556.  Habeas corpus relief is therefor **denied** on Mr. Holloway's double jeopardy claim because it is a non-cognizable ground in prison disciplinary cases.

Finally, if Mr. Holloway's ground for relief could also be construed as contending the sanctions were too severe for the conduct, such a claim would also fail. "[A] federal court will not normally review a state sentencing determination which, as here, falls within the statutory limit," unless the sentence violates the Eighth Amendment by being an "extreme" punishment that is "grossly disproportionate" to the crime. *Koo v. McBride*, 124 F.3d 869, 875 (7th Cir. 1997). Although his sanction is the maximum set by IDOC policy for a Class B offense, *see* dkt. 8-13 (IDOC Policy and Administrative manual), it is not grossly disproportionate to that offense and, therefore, does not violate the Eighth Amendment. Mr. Holloway is thus not entitled to relief on this basis.

For these reasons, the petition for a writ of habeas corpus is **denied**.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge,

disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Holloway to the relief he seeks. Accordingly, Mr. Holloway's petition for a writ of habeas corpus is **denied** and this action dismissed with prejudice. Final judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 7/10/2020

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Daniel Ray Holloway
199455
Wabash Valley Correctional Facility - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
Carlisle, IN 47838

Monika P. Talbot
Indiana Attorney General
monika.talbot@atg.in.gov